UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00160-MR

| ERIC CHRISTOPHER ORR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| DAVID COTHRON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff paid the filing fee in this matter. [7/2/2024 Docket Entry].

**I.   BACKGROUND**

Pro se Plaintiff Eric Christopher Orr ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Maury Correctional Institution in Maury, North Carolina. On May 28, 2024, he filed this action pursuant to 42 U.S.C. § 1983, based on alleged events at Marion Correctional Institution ("Marion") in Marion, North Carolina. [Doc. 1]. Plaintiff names the following Defendants: David Cothron, identified as an Assistant Superintendent over programs at Marion; Derek Price, Kevin Freeman, Saint Tapp, and Alecia

Conner, all identified as Unit Managers at Marion; Melissa Becker, identified as a Case Manager at Marion; and Cindy Haynes, identified as a Program Supervisor at Marion. [Id. at 1-4]. Plaintiff alleges as follows.

On August 3, 2021, Plaintiff was referred to Restrictive Housing for Control Purposes (RHCP) at Tabor Correctional Institution for excessive write-ups for two "A infractions," dated July 5, 2021, and July 6, 2021, respectively. [Id. at 5]. On August 11, 2021, Plaintiff saw the "FCC[1] board" to explain that the write-ups were "not true." The FCC agreed with the RHCP recommendation. On August 26, 2021, Plaintiff told the "DCC[2] board" that the write-ups were "not true." The DCC board agreed with the "icon placement" for 180 days, but also verified that Plaintiff would be released from RHCP and returned to general population if one of the two write-ups were dismissed. [Id.]. On September 2, 2021, the July 6, 2021 write-up was "sent back from Raleigh" to be reinvestigated. Plaintiff's rights were violated, presumably during this reinvestigation, because "they" did not speak to the staff member witness Plaintiff requested. [Id.].

On September 16, 2021, Plaintiff was sent to Marion for placement in the Rehabilitative Diversion Unit (RDU). On September 29, 2021, Plaintiff

---

[1] Presumably the Facility Classification Committee.

[2] Presumably the Director's Classification Committee.

saw the Disciplinary Hearing Officer (DHO) at Marion, where "[t]he witness spoke on [Plaintiff's] behalf and the write up was dismissed."  [Id.].  On October 9, 2021, Plaintiff submitted a grievance "pertaining to the situation," which was accepted by Defendant Price.  On October 26, 2021, Defendant Price responded, denying Plaintiff "[his] rights and privileges."  [Id.].  Plaintiff presumably appealed the denial of his grievance, and, on November 16, 2021, Defendant Cothron responded, also denying Plaintiff "[his] rights and privileges."  [Id.].  Defendants Price and Cothron stated that Plaintiff's assignment to RHCP qualified him for the RDU.  [Id. at 6].  The July 6, 2021 write-up that qualified Plaintiff for the RDU, however, had been dismissed on September 29, 2021. Plaintiff qualified for medium custody, but "staff refused to correct when it was brought to their attention."  [Id.].

From September 16, 2021, to September 12, 2022, Plaintiff "was in chains and shackles" when escorted to and from the shower and the telephone.  By September 2022, Plaintiff's time in RDU should have concluded, but he remained on "23/1" status with limited phone access until June 20, 2023.  [Id. at 5].  Because of a COVID-19 outbreak in RDU and Plaintiff's reduced recreation time, Plaintiff's blood pressure had to be monitored closely for a year, resulting in an increase in his medication.  [Id. at 6].  RDU was overcrowded "with no bedspace in a[n] unhealthy

3

environment." [Id.].

Plaintiff claims that Defendants Price and Cothron violated his Fourteenth Amendment rights by their failure to remedy Plaintiff's situation in response to his grievance. [Id. at 6]. Plaintiff alleges that his Eighth Amendment rights were violated by his conditions of confinement at Marion. [Id.]. For injuries, Plaintiff claims he suffered "constitutional injury" through the deprivation of his rights, "hazardous and unhealthful conditions," and false imprisonment. [Id. at 7]. Plaintiff purports to seek $100,000 in punitive damages. [Id. at 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v.

S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a claim under the Fourteenth Amendment. That is, Plaintiff alleges only that Defendant Price accepted Plaintiff's grievance regarding "the situation" and that Defendants Price and Cothron both responded to it and "denied [Plaintiff's] rights and privileges." There is no functional difference between denying access to a specific grievance procedure and denying relief sought in an accepted grievance. The Court, therefore, will dismiss this claim.[3]

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" Thorpe v. Clarke, 37 F.4th 926, 940 (4th Cir. 2022) (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." Id. (citation omitted). "Prison conditions may be harsh and

---

[3] To the extent Plaintiff seeks to state a Fourteenth Amendment due process claim based on the conduct of the reinvestigation of the July 6, 2021 write-up, his allegations are too vague and conclusory to state a claim for relief. Moreover, Plaintiff also alleges that, after "the witness" spoke on his behalf before the DHO at Marion, the July 6, 2021 write-up was dismissed.

6

uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state an Eighth Amendment conditions of confinement claim against any Defendant. Plaintiff fails to

allege personal participation by any Defendant relative to Plaintiff's conditions of confinement. That is, Plaintiff alleges that he remained in RDU for nearly a year after he had qualified for medium custody, but he fails to allege who was responsible for his continued placement there. Moreover, even if Plaintiff had so alleged, the conditions alleged by Plaintiff do not rise to the level of an extreme deprivation necessary to state an Eighth Amendment claim based on conditions of confinement. Assuming Plaintiff improperly remained in RDU, Plaintiff alleges only that he was on lockdown for 23 hours a day and was shackled during his movements to the shower and telephone for a period of one year and that he remained on "23/1" for nine more months. Plaintiff has also failed to allege "a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler, 989 F.2d at 1381, or, for that matter, that any Defendant was subjectively aware of the substantial risk of harm to Plaintiff. See Thorpe v. Clarke, 37 F.4th 926, 933 (4th Cir. 2022) ("Eighth Amendment liability comes into play only where a corrections officer appreciates the harm confinement conditions impose yet chooses to disregard it[.]"). Rather, Plaintiff alleges only that, due to the COVID-19 outbreaks in RDU and reduced recreation time, he "was placed on blood pressure medication that increased." [Doc. 1 at 6].

Finally, to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Plaintiff, however, makes no allegations against Defendants Freeman, Tapp, Conner, Becker, or Haynes. Plaintiff, therefore, has failed to state any claim for relief against these Defendants in any event and they will be dismissed.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Freeman, Tapp, Conner, Becker, and Haynes are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: July 30, 2024

Martin Reidinger
Chief United States District Judge